UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ADAM ARMSTRONG,**<br><br>                    Plaintiff,<br>v.<br><br>**DIRECTV, LLC.** and **CLEAR SATELLITE, INC.**,<br><br>                    Defendants. | Civil Case No.: 15-622<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendants DirecTV, LLC's and Clear Satellite, Inc.'s ("Defendants") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendants have placed numerous telephone calls to Plaintiff Adam Armstrong's ("Plaintiff") cellular telephone without his prior express consent.

3. These calls appear to be wrong number calls, as Plaintiff does not have, nor has he ever had, an account with Defendants.

4. These calls have continued even after Plaintiff – on multiple occasions – has informed Defendants that it had the wrong number, and was assured his number would be removed.

5. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

6. Many of these calls were made using an prerecorded or artificial voice.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action

arises under the TCPA, which is a federal statute.

8. This Court has personal jurisdiction over Defendants because Defendants conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant DirecTV, LLC. is, and at all times mentioned herein was, a California corporation headquartered at 2260 E Imperial highway, El Segundo, CA 90245.

12. Defendant Clear Satellite, Inc. is, and at all times mentioned herein was, a Utah corporation headquartered at 135 South Mountain Way Drive, Orem, Utah 84057.

13. Defendant Clear Satellite, Inc. is the "#1 DirecTV retailer in the nation."

14. Defendants are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

15. Defendants have placed numerous telephone calls to Plaintiff's cellular telephone, number 214-###-7912.

16. Plaintiff is the customary (and exclusive) user of this cellular telephone number.

17. The calls from Defendant DirecTV have originated from its telephone numbers, including, but not limited to 800-368-4963, 800-531-5000, 800-597-0260, 888-778-6409, and 844-405-4868.

18. The calls from Defendant Clear Satellite, Inc. originated from its number 1-877-901-1059.

19. Upon information and belief, both Defendants were calling about the same account.

20. Many of these calls were made using prerecorded and/or artificial voice identifying the caller as being from or associated with DirecTV.

21. All of these calls were also made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendants has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. This is evidenced by the fact that when Plaintiff answers, there is a very brief pause before a live or prerecorded voice comes on the line. This is indicative of an automatic telephone dialing system.

23. Plaintiff never gave either Defendant his prior express consent to make such calls to his cellular telephone.

24. Plaintiff does not have, nor has he ever had, an account with either Defendant.

25. On approximately four occasions, Plaintiff called Defendants and spoke with a live representative and told the representative that they were calling the wrong number.

26. For example, Plaintiff called Defendant Clear Satellite, Inc. on June 8, June 15, and July 6 of this year to tell Defendant Clear Satellite, Inc. that it had the wrong number. Plaintiff called Defendant DirecTV on June 25 of this year to tell Defendant DirecTV it had the wrong

number.

27. On each occasion, the representative assured Plaintiff that it was taken care of, and that the calls would stop.

28. The calls did not and have not stopped.

29. Plaintiff has suffered actual damages as a result of Defendant's telephone calls, including, but not limited to, device storage and data usage.

30. Furthermore, as a direct consequence of Defendants' conduct, Plaintiff has suffered and continues to suffer from anxiety, frustration, annoyance, and embarrassment.

31. Plaintiff is entitled to statutory damages and injunctive relief.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendants placed repeated calls to Plaintiff on his cellular telephone.

34. These calls all used an automatic telephone dialing system.

35. Most of these calls used an artificial and/or prerecorded voice.

36. Plaintiff did not consent to Defendants placing such calls to his cellular telephone.

37. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Adam Armstrong prays for the following relief:

    A.    An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

    B.    An award of injunctive and other equitable relief prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

    C.    An award statutory damages;

    D.    An award of actual damages;

    E.    An award of reasonable attorneys' fees and costs; and

    F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** August 14, 2015        */s/ Jeremy M. Glapion*_____
                                          Jeremy M. Glapion
                                          **THE GLAPION LAW FIRM, LLC**
                                          1704 Maxwell Drive, Suite 102
                                          Wall, New Jersey 07719
                                          Tel: 732.455.9737
                                          Fax: 732.709.5150
                                          jmg@glapionlaw.com